JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8166 PA (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | U.S. Bank National Association, et al. v. Salvador Escobar, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Luis Fernando Paredes ("Defendant")[1] on October 29, 2010. (Docket No. 1.) Plaintiff U.S. Bank National Association's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action under state law for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where

---

[1] Although Paredes is not named as a defendant in the underlying Complaint, the Notice of Removal alleges that Paredes owns the property that is the subject of the unlawful detainer. The only named defendant in the underlying complaint is Salvador Escobar, who is alleged to be the current occupant of the property. It is unclear whether Paredes also occupies the property.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8166 PA (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | U.S. Bank National Association, et al. v. Salvador Escobar, et al. | | |

plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Here, the Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged.  Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law.  Instead, Defendant alleges that federal question jurisdiction exists because he intends to bring a "cross-complaint" against Plaintiff for certain violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq.  However, just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal.  Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

      For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 10000013.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.